RAMÓN LÓPEZ, demandante y apelado, *v.* J. F. CORTÉS, demandado y apelante.

No. 3864.—*Visto:* Abril 5, 1926. *Resuelto:* Junio 26, 1926.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—DEFECTOS EN LOS PROCEDIMIENTOS PARA ELEVAR LA CAUSA—RADICACIÓN DEL ESCRITO DE APE-

. LACIÓN FUERA DEL TÉRMINO.—Cuando el escrito de apelación se radica fuera del término estatutorio, procede desestimar el recurso interpuesto.

2. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— TÉRMINO PARA APELAR—EXTENSIÓN DEL TÉRMINO—EN GENERAL.—Si bien cuando un término judicial vence en sábado, la costumbre de cerrar las oficinas públicas en las tardes de ese día podría tomarse en consideración para ejercitar la discreción judicial, tal circunstancia no podría apreciarse tratándose de un término jurisdiccional como lo es el término para radicar la apelación.

MOCIÓN sobre desestimación de apelación. *Con lugar.*

*F. Soto Gras,* abogado del apelante; *Carmelo Honoré,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

[1, 2] La parte apelada solicita la desestimación del recurso establecido en este caso porque el escrito interponiéndolo se archivó después de vencido el término legal.

En efecto, de la certificación librada por el secretario de la corte sentenciadora acompañada a la moción resulta que la sentencia apelada se registró el 3 de febrero de 1926 y se notificó el 4 y el escrito de apelación se radicó el 8 de marzo siguiente, habiendo por tanto transcurrido treinta y dos días o sea más de un mes, que es el plazo fijado por el estatuto para apelar.

Admite el apelante que ello es así pero alega que el día 6 de marzo en que vencía el término era sábado y hallándose recluído en cama no fué hasta después de las doce que sus empleados le llevaron a firmar el escrito de apelación y en vista de que el abogado del demandante, Carmelo Honoré, al par que ejerce la profesión es empleado y tiene su oficina en las oficinas del gobierno que se cierran los sábados por la tarde y en vista además de que por igual motivo, o sea el cierre de las oficinas públicas los sábados por la tarde, se vería privado de adquirir el sello de rentas necesario para adherirlo de acuerdo con la ley al escrito, resolvió radicar y radicó éste el lunes próximo por la mañana que era la primera oportunidad hábil que tenía al efecto.

Una agria discusión por escrito se levantó con motivo de

la referencia al ejercicio de la abogacía por parte del abogado del apelado, siendo eliminado cierto *affidavit* de dicho abogado y sustituído por otro, y comenzó a suscitarse en el acto de la vista. Cualquiera que pueda ser el criterio que sustentemos sobre el particular, no podrá influir en la decisión de la cuestión envuelta.

Si bien se ha establecido la costumbre de cerrar las oficinas públicas los sábados por la tarde, no son los sábados por la tarde días festivos reconocidos por la ley. Quizás tal hecho pudiera tomarse en consideración para el ejercicio de nuestra discreción en un caso apropiado, pero tratándose de un término jurisdiccional no es posible apreciarlo. Parece conveniente decir que ni las partes han citado ni hemos podido encontrar nosotros jurisprudencia alguna en relación con el efecto que pueda tener en la medida de los términos la costumbre del cierre de los establecimientos públicos los sábados por la tarde.

A virtud de lo expuesto y apareciendo además de su propio *affidavit* apreciado en conjunto que nada hizo el apelante el sábado por la tarde de que se trata para archivar su escrito de apelación con el secretario de la corte, sino que descansó en su presunción de que nada podría hacer y en su interpretación de la ley, *nos vemos obligados a declarar la moción con lugar desestimando la apelación establecida.*